IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHNNY SURBER, #21030442,  )<br>            Plaintiff,              )<br>                                           )<br>vs.                                      )       No. 3:21-CV-2885-X-BH<br>                                           )<br>DALLAS COUNTY SHERIFF'S  )<br>OFFICE, et al.,                     )<br>                                           )<br>            Defendants.          )       Referred to U.S. Magistrate Judge[1] | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the plaintiff's *Application for the Court to Request Counsel*, received December 7, 2021 (doc. 6). Based on the relevant findings and applicable law, the motion is denied.

Johnny Surber (Plaintiff) sues several defendants under 42 U.S.C. § 1983 for alleged violations of his civil rights. (*See* doc. 3.) "Absent exceptional circumstances, there is no automatic right to appointment of counsel in a civil rights case." *Wendell v. Asher*, 162 F.3d 887, 892 (5th Cir. 1998). In cases where a plaintiff has been granted permission to proceed *in forma pauperis*, the Court may request an attorney to represent any person unable to employ counsel." 28 U.S.C. § 1915(e)(1). Whether to appoint counsel hinges

> on many factors, including the type and complexity of the case; the petitioner's ability adequately to present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in a just determination."

*Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)). Courts should generally make specific findings on each of these factors. *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986).

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

At this early stage of the litigation, the plaintiff has failed to show that the Court should appoint counsel. He has not yet shown that he is entitled to proceed *in forma pauperis*. The screening of the case required by 28 U.S.C. §§ 1915A and 1915(e)(2)(B) has not yet been completed. The plaintiff's pleadings and written submissions reflect some understanding of court rules and procedures. The issues in the case are fairly straightforward and not complex. At this time, it is unclear whether the evidence in this case will consist of conflicting testimony so as to require skill in the presentation of evidence and cross-examination or whether the appointment of counsel will shorten trial or assist in a just determination. If the case proceeds to trial, the Court may on its own motion reconsider whether the circumstances warrant appointing counsel at that time.

The motion for appointment of counsel is **DENIED.**

**SO ORDERED** this 9th day of December, 2021.

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE